No. 21-1747

In the

# United States Court of Appeals
for the First Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

ÁNGEL RAMOS-CARRERAS, a/k/a Bambam,
Defendant-Appellant.

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO*
District Court No. 10-cr-444

**PETITION OF THE UNITED STATES
FOR LIMITED PANEL REHEARING**

W. STEPHEN MULDROW
United States Attorney

MARIANA E. BAUZÁ-ALMONTE
Chief, Appellate Division

GREGORY B. CONNER
Assistant United States Attorney
United States Attorney's Office
District of Puerto Rico
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax (787) 771-4050

## TABLE OF CONTENTS

Introduction ................................................................................................ 1

Background ............................................................................................... 2

Argument .................................................................................................. 4

    I.    Precedents of this Court require a different remedy for the identified error ................................................................................ 4

    II.   The panel should correct its definition of "new information" ....... 7

Limited Request for Rehearing ............................................................... 11

Conclusion .............................................................................................. 13

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Concepción v. United States, 142 S. Ct. 2389 (2022)......................................6

Pepper v. United States, 562 U.S. 476 (2011)............................................. 6-7

United States v. Bramley, 847 F.3d 1 (1st Cir. 2017) .......................................8

United States v. Castillo-Torres, 8 F.4th 68 (1st Cir. 2021) .............................9

United States v. Khan, 997 F.3d 242 (5th Cir. 2021) ..................................... 10

United States v. Marrero-Pérez, 914 F.3d 20 (1st Cir. 2019) ...........................8

United States v. Millán-Isaac, 749 F.3d 57 (1st Cir. 2014) ..................... passim

United States v. Montero-Montero, 370 F.3d 121 (1st Cir. 2004)....................6

United States v. Rondón-García, 886 F.3d 14 (1st Cir. 2018) ....................... 10

United States v. Serrano-Berríos, 38 F.4th 246 (1st Cir. 2022) ................... 6-7

United States v. Sineneng-Smith, 140 S. Ct. 1575 (2020).............................. 11

United States v. Vázquez-Méndez, 915 F.3d 85 (1st Cir. 2019)................. 9, 12

United States v. Zavala-Martí, 715 F.3d 44 (1st Cir. 2013) ................... passim

**FEDERAL STATUTES**

18 U.S.C. § 3661 ..............................................................................................8

28 U.S.C. § 2106 ..............................................................................................9

# INTRODUCTION

The government does not challenge the panel's conclusion that the district court improperly highlighted the particularities of Ramos's sexual abuse of his daughter. Those previously undisclosed details came from somewhere—it is not clear exactly where—outside the record of Ramos's federal revocation case. The government accepts that the district court erred by relying on those details.

But in remedying that error, the panel was not writing on a clean slate: Several First Circuit decisions have determined the appropriate remedy for such an error. Prior panels of this Court have held that the appropriate remedy on remand is for the defendant to have notice of the extra-record information and an opportunity to challenge it. The remedy provided by the panel's decision in Ramos's case is in tension with—if not contrary to—that caselaw. And because the Court was sitting as a panel, it was bound to follow those decisions under the law of the circuit doctrine.

Relatedly, the panel should amend its definition of what constitutes "new information" so that it is consistent with prior panel decisions and avoids confusion by future panels. Namely, the panel should define "new information" as "undisclosed information" or, more specifically, as "information that had not been disclosed to the defense as part of this case." This is preferable to the panel's description of new information as information that is not found in the district

court record because there will likely be cases where information is disclosed to the defense and uncontested but not made a part of the district court record. Viewing "new" as previously undisclosed to the defense in a given case more closely aligns with this Court's precedent than the panel's current description of new.

The government therefore requests that the panel make a limited adjustment to its opinion so that it is consistent with First Circuit precedents.

## BACKGROUND

Ángel Ramos-Carreras served a five-year prison sentence for his role as a seller in a drug trafficking organization in a San Juan housing project. (DEs 694, 1123).[1] Then in 2020, while he was serving his term of supervised release, Puerto Rico charged him with committing "lewd acts" in violation of Article 133 of the Puerto Rico Penal Code. (AA 40–41). These charges led to revocation of supervised release proceedings in federal court, as he had violated his release condition to "not commit another federal, state, or local crime." (AA 40).

Ramos waived his preliminary hearing, and his attorney requested not to be taken off this case because he had communicated with Ramos's attorney in

---

[1] DE refers to the docket entry in District of Puerto Rico case number 10-cr-444; AA is the Appellant's Appendix; SA is the Sealed Appendix; AB is the Appellant's Brief; and Op. is the panel's opinion.

the state case and was familiar with those proceedings. (DE 6065). Prior to the final revocation hearing, Ramos downpleaded in the state case to attempt to commit lewd acts and received a sentence of five years. (*Id.*).

At the start of the final revocation hearing, Ramos's counsel acknowledged that Ramos had engaged in "one incident with a 15-year-old step daughter, touching over her clothes." (AA 47).[2] But in reviewing Ramos's breach of trust, the district court discussed more details about Ramos's conduct with his victim. Specifically, the district court stated that the state sentence "was with aggravating factors but the minority of the victim was eliminated." (AA 55). Ramos's victim was his 15-year-old daughter. "He touched and sucked on her left breast and then touched and squeezed her vagina over her clothing." (*Id.*). In a motion for reconsideration, Ramos contended that he was not the girl's biological father, so his offense was "perhaps not as aggrieved as the court may have understood." (SA 42). And he accepted that "[t]he facts of this [state]

---

[2] Central to Ramos's appeal was his contention that the district court mistakenly viewed his victim as his biological daughter, rather than his stepdaughter, given the assertion by the probation officer that they were biologically related. (AA 49). But the district court merely stated that the "attempt was against his own 15-year-old-daughter whom he had registered as his daughter when she was born" (AA 55), and a probation motion filed after the hearing confirmed as much. (DE 6094-1). In any event, Ramos did not mention this claim at oral argument, and the panel did not wade into this issue in its opinion.

3

conviction were based on Mr. Ramos's admitted behavior of touching a fifteen-year-old female in a sexual manner for sexual gratification." (SA 40).

The panel determined that the district court erred by relying on the details of Ramos's touching and sucking the victim's left breast and his touching and squeezing her vagina over her clothing. (Op. 10). And while it agreed that Ramos's generalized objection did not preserve the issue of the extra-record information, and thus plain error applied (Op. 5–6), the panel found that the district court's error met the four prongs of plain error. (Op. 10–11). The panel remanded the case to a different district court judge "for prompt resentencing on the existing factual record." (Op. 12).

## ARGUMENT

### I. Precedents of this Court require a different remedy for the identified error

The panel found error in the district court's "[r]eciting extraneous non-record avowals without identifying the source or providing notice to Ramos that these asserted details would be considered in determining his sentence." (Op. 10). This Court has seen that error before.

For example, in *United States v. Millán-Isaac*, this Court also addressed the inclusion in the sentencing judge's analysis of extra-record information. 749 F.3d 57, 73 (1st Cir. 2014). It explained that the use of such information is problematic because it impedes the defendant's ability to comment or otherwise

4

challenge the information that was material to the district court's decision. *Id.* at 70. But after it determined that the consideration of extra-record information without notice was error, it did not bar consideration of that information: "[W]e emphasize that nothing in this opinion should be read to suggest that the district court is not free to consider at resentencing" the extra-record information. *Id.* at 73. Instead, the Court's remedy was that on remand the district court "must provide notice, and the opportunity to respond, before relying on such extra-record information." *Id.* The panel's opinion here relied heavily on *Millán-Isaac* but did not explain why it chose a different remedy.

Similarly, in *United States v. Zavala-Martí*, this Court remanded after finding error in the sentencing judge's consideration of information gleaned from an ex parte meeting. 715 F.3d 44, 54–57 (1st Cir. 2013). But again, this Court did not bar the consideration of that information on remand; rather, it remanded for resentencing where the new facts "could be considered in the resentencing if [they] were disclosed to [the defendant] and he were given the opportunity to respond." *Id.* at 56. A difference between the two—that *Millán-Isaac* remanded to the same sentencing judge, but *Zavala-Martí* remanded to a different judge—is addressed below.

*Millán-Isaac* and *Zavala-Martí* are among the cases where this Court has provided, consistent with the Supreme Court's view, that there should be few

limitations on what a sentencing judge may consider. *See Concepción v. United States*, 142 S. Ct. 2389, 2400 (2022) ("The only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution."); *Pepper v. United States*, 562 U.S. 476, 504 (2011) (holding that a district court "may consider evidence of a defendant's postsentencing rehabilitation at resentencing" on remand after an appeal); *United States v. Serrano-Berríos*, 38 F.4th 246, 251 (1st Cir. 2022) (permitting resentencing on "the existing record as supplemented by argument of counsel and . . . any facts that occurred after the prior date of sentencing"); *Zavala-Martí*, 715 F.3d at 56 (explaining that the district court on remand may consider "the content of the ex parte meeting" that led to the vacatur of the defendant's sentence "in the resentencing if [the content] were disclosed to [the defendant] and he were given the opportunity to respond"); *United States v. Montero-Montero*, 370 F.3d 121, 124 (1st Cir. 2004) (allowing further factfinding where the district court sua sponte committed reversible error at sentencing).[3]

---

[3] Analogous to the situation in *Montero-Montero*, this is "not a case where the government asked for the [lewd act details] but failed to adduce sufficient proof for [finding they occurred]." 370 F.3d at 124. And, thus, permitting factfinding on remand would not be an impermissible second bite at the apple. *Id.*

Applying these dispositions to Ramos's case, the government petitions the panel to amend its opinion to say in its decretal language that the district court is "free to consider" the new information at resentencing if it "provide[s] notice, and the opportunity to respond, before relying on [it]." *Millán-Isaac*, 749 F.3d at 73; *see also Zavala-Martí*, 715 F.3d at 56. The amendment is further necessary because the panel's mandate limits the district court judge to the "existing record" in contravention of *Pepper*, 562 U.S. at 504, where the Supreme Court permitted consideration of conduct after sentencing. *See also Serrano-Berríos*, 38 F.4th at 251 (permitting resentencing on "the existing record as supplemented by argument of counsel and . . . any facts that occurred after the prior date of sentencing").

## II. The panel should correct its definition of "new information"

The panel's description of "new information" in this context may be problematic for future cases. It defines "new information" as "information not already found in the district court's record." (Op. 6–7; *see also id.* at 9 (stating that the details of Ramos's sex-crime offense were "new facts" because they were "brand new to the record in the revocation proceedings")). But that cannot be right because where, as here, the sentencing court decides to rely on "new facts," "the general rule requires disclosure to the defense in advance of the sentencing hearing and an opportunity to subject the new material 'to whatever adversarial

testing may be appropriate.'" *United States v. Marrero-Pérez*, 914 F.3d 20, 25 (1st Cir. 2019) (quoting *United States v. Bramley*, 847 F.3d 1, 7 (1st Cir. 2017)). Disclosure to the defense is <u>not</u> the same thing as "found in the district court's record." Lots of evidence is disclosed to the defense that does not appear in the district court's record.

Take, for example, a state-court transcript in English. If the transcript is disclosed to the defense and then relied on by the court, it is not new information. But a future panel that narrowly relies on this panel opinion would conclude that the disclosed transcript is nonetheless "new information" because it was not "found in the district court's record." To be sure, filing the transcript so that it becomes part of the record helps ensure that the transcript relied on by the court is the same one that was disclosed to the defense. But if the defense does not contest that the transcripts are the same, there is no reason to hold that the transcript is "new information" simply because it does not appear in the record. The government's requested amended definition of new information serves the goal of providing notice and the opportunity to respond, *Millán-Isaac*, 749 F.3d at 73, without confining the court to docket entries or placing limitations on its considerations in violation of 18 U.S.C. § 3661.

So a better definition of "new information" is "information that had not been disclosed to the defense as part of this case"—following the quoted portion

8

of *Marrero-Pérez* above. The panel, itself, cites *Marrero-Pérez* for the proposition that a sentencing court "may not rely on new facts" if those facts have not been "revealed beforehand." (Op. 8).

\* \* \* \*

Citing 28 U.S.C. § 2106, the panel opinion ended with an instruction to for the clerk of the district court to reassign the matter to a different judge. Neither party had asked for reassignment. Section 2106 does provide broad authority to circuit courts to give remand instructions "as may be just under the circumstances." But having the authority to do so does not mean that it is called for in every case. Rather, as the Court has explained, it "once regularly remanded cases like this one to a different judge, but this occurs now only in very unusual cases." *United States v. Vázquez-Méndez*, 915 F.3d 85, 88 (1st Cir. 2019). The panel opinion did not explain why Ramos's case was (or was not) an unusual case as it has in others, *United States v. Castillo-Torres*, 8 F.4th 68, 73 (1st Cir. 2021), and this Court lacked the benefit of adversarial briefing on reassignment, as it has had in other cases. *See, e.g.*, Opening Br., Response Br., Reply Br., *United States v. Vega-La Torres*, No. 20-1888 (1st Cir.).[4] So the

---

[4] There are also decisions from other circuits where the basis for sua sponte reassignment was obvious indications of bias, such as "compar[ing] the government with ISIS," and "indicat[ing] that government attorneys, especially

9

reassignment came as a surprise, and the government had no reason to brief a matter not raised by Ramos.

Further, of *United States v. Rondón-García*, 886 F.3d 14 (1st Cir. 2018) (also dealing with "previously undisclosed" information), *Millán-Isaac*, and *Zavala-Martí*, only *Zavala-Martí* remanded to a different judge. 715 F.3d at 57. And there seems to be two distinctions between *Zavala-Martí* and the other cases regarding reassignment. The first is that the defendant specifically asked for reassignment in *Zavala-Martí*. *See* Opening Br. at 40 & 40 n.27, *United Statas v. Zavala-Martí*, No. 11-1283 (filed April 2, 2012). The second is that based on the timing of the ex parte meeting in that case, it was no longer clear which information originated from that meeting. *Zavala-Martí*, 715 F.3d at 56. Here, in contrast, there is no similar concern. And should the district court determine that it will not consider the "inflammatory details" (Op. 11), separating those details from the remaining evidence is a routine task conducted by fact-finders. The passage of time in this case does not affect the district court's ability to consider (after disclosure) or not consider the extra-record information. Because the bases for reassignment are not present here, Ramos's case is more analogous to *Rondón-*

---

those from Washington, are lazy, useless, unintelligent, or arrogant." *United States v. Khan*, 997 F.3d 242, 249–50 (5th Cir. 2021). There is nothing in Ramos's case that demonstrates any such bias.

*García* and *Millán-Isaac*. And even if this case fell closer to *Zavala-Martí*, as outlined above, the remedy was a step further than in *Zavala-Martí* where the Court allowed the new facts to "be considered in the resentencing if [they] were disclosed to [the defendant] and he were given the opportunity to respond." 715 F.3d at 56.

At bottom, when this Court believes an unlitigated topic like reassignment is at issue, it may be preferable to order supplemental filings so that it will have the benefit of adversarial briefing. *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020) (encouraging circuit courts to decide appeals as presented by the parties).

## LIMITED REQUEST FOR REHEARING

The United States respectfully requests the following minor adjustments to the panel's opinion:

1.  On page 6, line 24 to page 7, line 1, replace

    "(meaning information not already found in the district court's record)"

    with

    "(meaning information that had not been disclosed to the defense as part of the current case)"

2.  On page 9, line 9, replace

    "the averments were brand new to the record in the revocation proceedings"

    with

"the averments were not disclosed to Ramos as part of the revocation proceedings"

3. On page 12, line 5, replace

"Ramos' sentence is vacated and remanded[] . . . for prompt resentencing based on the existing factual record."

with

"Ramos' case is vacated and remanded for prompt resentencing. '[N]othing in this opinion should be read to suggest that the district court is not free to consider at resentencing' the information that had not been disclosed to the defense as part of this case. *See Millán-Isaac*, 749 F.3d at 73. That information may "be considered in the resentencing if it [is] disclosed to [Ramos] and he [is] given the opportunity to respond." *Zavala-Martí*, 715 F.3d at 56.

4. On page 12, line 5, remove

"The Clerk of the District Court is directed to assign this case to a different judge on remand"

or, alternatively, replace

"The Clerk of the District Court is directed to assign this case to a different judge on remand"

with

"The parties are directed to file supplemental argumentation on whether Ramos' case is a 'very unusual case[]' that would warrant reassignment to a new judge, *Vázquez-Méndez*, 915 F.3d at 88, or whether it falls more in line with *Millán-Isaac*, where we remanded to the same judge."

## CONCLUSION

The United States respectfully requests that the Court grant the petition for limited panel rehearing.

Respectfully submitted,

W. STEPHEN MULDROW
United States Attorney

MARIANA E. BAUZÁ-ALMONTE
Chief, Appellate Division

<u>s/ Gregory B. Conner</u>
GREGORY B. CONNER
Assistant United States Attorney
United States Attorney's Office
District of Puerto Rico
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax (787) 771-4050

January 17, 2023

# CERTIFICATE OF COMPLIANCE
# WITH TYPEFACE AND LENGTH LIMITATIONS

1. This petition contains 2,827 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced, 14-point serif typeface using Microsoft Office Word 2013.

s/ Gregory B. Conner<br>
GREGORY B. CONNER

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I filed the above brief with the Clerk of Court using the Court's electronic-filing system, which sent a notification of the filing to the appellant through his attorney of record, a registered user of the system.

s/ Gregory B. Conner<br>
GREGORY B. CONNER